# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
11/02/2010
CT Log Number 517538731

**TO:** Chris Dzbanski
Ford Motor Company
WHQ 433-E3, One American Road
Dearborn, MI 48126

**RE:** **Process Served in Michigan**

**FOR:** Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nancy Dillard, Pltf. vs. Ford Motor Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons and Return of Service Form, Letter(s), Complaint, Jury Demand |
| **COURT/AGENCY:** | 3rd Circuit Court, Wayne County, MI<br>Case # 10012372CZ |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of handicap, sex and age - Resulting in wrongful termination - 10/22/1990 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/02/2010 postmarked on 10/30/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Nancy Dillard<br>14655 Whitcomb<br>Detroit, MI 48227<br>313-272-3273 |
| **REMARKS:** | Please note: Pursuant to local court rules, court labels must accompany all case matter, the applicable court labels were not attached at time of service. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790729753226<br>Image SOP<br>Email Notification, Chris Dzbanski CDZBANSK@FORD.COM |
| **SIGNED:** | The Corporation Company |
| **PER:** | Stephanie Hendrickson |
| **ADDRESS:** | 30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Page 1 of 2 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

October 29, 2010          SENT VIA CERTIFIED MAIL NO. 7000 0520 0015 4511 1426 -
                          RETURN RECEIPT REQUESTED

CT Corporation - Resident Agent For
Ford Motor Company
30600 Telegraph Road, Suite 2345
Bingham Farms, MI 48025-5720

Re:  Dillard v Ford Motor Company, Civil Action No. 10-012372-CZ

Gentlemen:

Enclosed herewith, please find a court issued Summons and a Complaint. Please take notice that the Complaint was originally filed and served on April 30, 2010, and the court issued Summons was not obtained until October 22, 2010. However, a copy of the Complaint and court issued Summons are enclosed.

Should you have any questions regarding this matter, please do not hesitate to contact me. You may do so at the address listed below or call me at 313-272-3273.

Sincerely yours,

*Nancy Dillard* (signature)

Nancy Dillard
14655 Whitcomb
Detroit, MI 48227
(313) 272-3273

Enclosures

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NANCY DILLARD,

        Plaintiff,

V                                CIVIL ACTION NO._____ CZ

FORD MOTOR COMPANY,

        Defendant.

_____/

DILLARD, NANCY v FORD MOTOR COMPA
Hon. Kathleen Macdonald    10/22/2010
10-012372-CZ

NANCY DILLARD
Plaintiff In Propria Persona
14655 Whitcomb
Detroit, MI 48227
(313) 272-3273

---

        There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

      NOW COMES Plaintiff, Nancy Dillard, In Pro Per, and for her cause of action against the above Defendant, Ford Motor Company (hereinafter, Ford, FOMOCO or Defendant) states unto this Honorable Court as follows:

1

## GENERAL ALLEGATIONS

1. That Plaintiff, Nancy Dillard (hereinafter, Plaintiff) is a resident of the City of Detroit, County of Wayne, State of Michigan and was at all times pertinent hereto, an employee of defendant pursuant to the Michigan Elliott-Larsen Civil Rights, being MCLA 37.2101.

2. That based on information and belief, Defendant Ford Motor Company was Plaintiff's employer at all times pertinent hereto, nd was terminated from her job after she sustained job-connected injuries as a direct result of an industrial accident at Ford Motor Company.

3. That Plaintiff's Ford service date is March 4, 1977; Plaintiff's last day worked was November 12, 1981. Plaintiff, according to Ford, was terminated on October 22, 1990, without notice, while receiving benefits under Michigan Workmen's Disability Compensation Act for injuries that she sustained out of and during the course of her employment at Ford, Goins v Ford Motor Company (1983) 347 N.W.2d. 184 131, MCLA 418.131, note 49.

4. That Plaintiff's job performance was rated "outstanding" at Ford Motor Company.

5. That Plaintiff, to this date continues to receive workers compensation benefits, paid for by Ford Motor Company.

6. That Plaintiff is an African-American female, and is 61 years of age.

7. That on September 9, 2009, plaintiff wrote Ford in connection with compensation for any accrued paid vacation, holidays, personal time and bonuses; accrued increases in regular pay and overtime pay; accrued profit sharing, non-contributory common stock option programs; regulat retirement, annuities, pension, and any and all other benefits that she is eligible for, and would have received had she not sustained job debilitating injuries at Ford Motor Company.

8. That also in the September 9, 2009 letter, Plaintiff requested also a copy of her official and unofficial employment records under the Employee Right-to-Know Act; commonly known as the Bullard-Plawecki Employee Right-to-Know Act, MCLA 423.501 et seq. (the "Right-to-Know Act").

9. That on November 11, 2009, Ford responded to Plaintiff's letter of September 9, 2009, stating in part, that Plaintiff's employment was terminated/laid off due to being

2

continuously unemployed in excess of applicable Collection Bargaining Agreement, Article VII, Section 5[7]; and that based on that information, with the exception of Workers' Compensation, "you are not eligible for any benefits from Ford Motor Company, including retirement."

10. That also in the letter of November 11, 2009, Ford indicated that it was unable to locate Plaintiff;s personnel file and medical jacket.

11. That on February 17, 2010, Plaintiff filed a Complaint of Discrimination with the Michigan Department of Civil Rights (MDCR), and received a ruling that Plaintiff's claims were time based. That ruling was sustained on appeal. MDCR has no jurisdiction over cases not filed within 180 days irrespective to reasons beyond Plaintiff's control, and the docrine of equitable tolling does not apply as to MDCR. MDCR conducted no investigations into Plaintiff's claims. Please see the record of correspondence, herein attached.

## COUNT I
## VIOLATION OF THE BULLARD-PLAWECKI
## EMPLOYEE RIGHT-TO-KNOW ACT
## MCLA 423.501 et seq.

12. Plaintiff hereby incorporates by reference paragraphs 1 through 11 as if they were specifically repeated herein, paragraph by paragraph, and word for word.

13. The Bullard-Plawecki Employee Right-to-Know Act, MCL 423.501 et seq. (the "Right-to-Know Act"), entitled all employees, upon written request, to receive a copy of all documents or materials contained in their personnel files.

14. On September 9, 2009, Plaintiff wrote the Defendant for an entire copy of her personnel files, in accordance with that Right-to-Know Act.

15. Despite receiving Plaintiff's written request, Ford wilfully and knowingly violated the Right-to-Know Act by refusing to provide Plaintiff with a copy of her entire personnel file.

16. Ford's willful and knowing violation of the Right-to-Know Act, by refusing to provide Plaintiff with a copy of her entire file, has prejudiced the ability of Plaintiff to effectively bring this action and prepare for trial.

17. Section 11 of the Right-to-Know Act, MCL 423.511, grants employees the right to commence an action in circuit court t compel compliance with the Right-to-Know Act. Section

3

311 of the Right-to-Know Act entitles employees to receive, for willful and knowing violations of the Right-to-Know Act, an award of $200.00, plus costs, attorney's fees, and actual damages.

WHEREFORE, Plaintiff seeks the entry of an order requiring Ford to immediately provide Plaintiff with a copy of her entire personnel file. Plaintiff also requests statutory monetary award, in addition to an award of actual damages, interest and attorney's fees incurred as a result of Ford's wilful and knowing violation of the Right-to-Know Act, in an amount which this Court determines to be just and proper.

## COUNT II
## VIOLATION OF MICHIGAN HANDICAPPER'S CIVIL RIGHTS ACT
## MCLA 37.1101 et seq.

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 as if they were specifically repeated herein, paragraph by paragraph, and word for word.

19. Pursuant to and in accordance with MCLA 37.1202 (1) an employer shall not:

> "(a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.
>
> (b) Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job os position.
>
> (f) Fail or refuse to hire, recruit, or promote an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.
>
> (g) Discharge or take other discriminatory action against an individual when adaptive devides or aids may be utilized thereby enabling that individual to perform the specific requirements of the job."

4

20. That Plaintiff has a medical restriction which would preclude her from performing some of the job assignments associated with her job classification, that being assembler/disassemble due to her job-connected injuries.

21. That Plaintiff's medical condition is unrelated to Plaintiff's ability to perform many of the duties of a assembler/disassemble.

22. That associated with many of the duties entailed in the job classification of assembler/disassembler are adapted devices which enable an employee to perform many of the job functions associated with the classification of assembler/disassemble.

23. That in the past, Defendant had accommodated Plaintiff's medical condition.

24. That Defendant owed a duty as a matter of law not to discriminate and/or refuse to hire Plaintiff because of a handicap that is unrelated to Plaintiff's ability to perform the duties associated with a job classification Plaintiff held prior to her lay off and is a common job classification at Defendant's other plant.

25. That by failing or refusing to hire said Plaintiff, Defendant violated MCLA 37.1101, et seq..

26. That as a result of Defendant's violation of Plaintiff's Handicapper's Civil Rights, Plaintiff has suffered and continues to suffer from:

    a) lost wages

    b) lost health and life insurance

    c) lost pension benefits

    d) lost seniority credits and the rights and privileges associated thereto.

WHEREFORE, Plainiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor by ordering said Defendant to specifically perform by hiring said Plaintiff for the position that she was unlawfully denied; and for any amount greater than twenty-five thousand ($25,000) dollars that this Court deems just and equitable plust costs, reasonable attorney fees and statutory interest from the date this Complaint was filed.

## COUNT III
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
## MCLA 37.2101, et seq. (SEX DISCRIMINATION)

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 as if they were specifically repeated herein, paragraph by paragraph, and word for word.

28. That MCLA 37.202(1)(a) provides:

> "fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of ...sex...".

29. That Plaintiff did return to Ford after her job-connected disabilities, and performed work that was within the confines of her injuries.

30. That Plaintiff's plant operations were removed to another location at Ford.

31. That pursuant to instructions from Ford Motor Company, Defendant did apply for a position at Ford's new location.

32. That upon application for a vacant position at said Ford's new location, Plaintiff was denied employment and instructed to return home on worker's compensation status, and that all of her benefits, including paid time for vaction, holidays, personal days, increments in cost of living, regular pay and overtime pay, profit sharing, non-contributory common stock options, retirement, annuity pension, seniority would continue to accrue; and that Plaintiff's outstanding job performance would remain in her personnel files.

33. That Plaintiff relied upon these representations and followed Ford'd instructions.

34. That Defendant did hire male employees who possess less seniority, training and job skills than those possessed by Plaintiff.

35. That Defendant's failure to hire Plaintiff because of her sex is a violation of MCLA 37.2201 (1) (A).

36. That Plainiff has been and continues to be damages in the form of:

   a) lost wages

   b) lost health and life insurance benefis

   c) lost pension benefits

   d) lost of seniority and benefits associated with same

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiffs' favor by ordering Defendants who specifically performed by hiring Plaintiff in the position that was applied for and enter Judgment in Plaintiffs' favor for any amount greater than twenty-five thousand ($25,000) dollars that this Court deems just and equitable, plus costs, plus reasonable attorney fees and statutory interest fro the date this Complaint was filed.

## COUNT IV

## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT

## MCLA 37.2101, et seq. (AGE DISCRIMINATION)

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 as if they were specifically repeated herein, paragraph by paragraph, and word for word.

38. That MCLA 37.2202 (1) (a) provides:

> "failure or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of ...age...".

39. That Plaintiff did return to Ford after her job-connected disabilities, and performed work that was within the confines of her injuries.

40. That Plaintiff's plant operations were removed to another location at Ford.

41. That pursuant to instructions from Ford Motor Company, Defendant did apply for a position at Ford's new location.

7

42. That upon application for a vacant position at said Ford's new location, Plaintiff was denied employment and instructed to return hom on worker's compensation status, and that all of her benefits, including paid time for vacation, holidays, personal days, increments in cost of living, regular pay and overtime pay, profit sharing, non-contributory common stock options, retirement, annuity, pension, seniority, would continue to accrue; and that Plaintiff's outstanding job performance would remain in her personnel files.

43. That Plaintiff relied upon these representations and on November 11, 2009, Ford informed Plaintiff terminated/laid off and not eligible for any benefits from Ford Motors Company, including retirement.

44. That Plaintiff was fully capable of performing several job assignments associated with the classification she held immediately prior to her lay off.

45. That Defendant did hire laid off employees who had less seniority and were younger in age than Plaintiff.

46. That said failure or refusal to hire Plaintiff is in violation of MCLA 37.2101, et seq..

47. That Plaintiff has been and continues to be damages in the form of:
    a) lost wages
    b) lost health and life insurance
    c) lost pension benefits
    d) lost of seniority credits and associated benefits

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor by ordering Defeandant to specifically perform by hiring Plaintiff in a position which she applied for and enter Judgment in Plaintiff's favor for any amount greater than twenty-five thousand ($25,000) dollars that this Court deems just and equitable, plus costs, reasonable attorney fees and statutory interest.

8

## COUNT V
## TERMINATION WITHOUT JUST CAUSE IN VIOLATION OF INVALID CONTRACT TOUSSAINT V BLUE CROSS, 408 MICH 579 (1980)

48. Plaintiff hereby incorporates by reference paragraphs 1 through 48 as if they were specifically repeated herein, paragraph by paragraph, and word for word.

49. That the Defendants employed Plaintiff and/or continued her employment pursuant to a verbal and/or written contract of employment which provided that the Plaintiff would not be discharged, nor would the terms of conditions of her employment contract between Plaintiff and Defendants by express agreement, oral or written, and/or as a result of Plaintiff's legitimate expectations grouned in Defendants' policies, statements and practices.

50. That at all times, Plaintiff was a competent employee and in all respects acted in the best interest of her employer.

51. That notwithstanding the duties owed to your Plaintiff pursuant to said employment contract, the Defendants did violate and breach the same in numerous particulars, including but not limited to:

> a. failure to assign Plaintiff to an assignment to Defendant's relocation operational facility, to be employed in a position that would accommodate her medicl restrictions, as promised;

> b. failure to pay for Plaintiff's benefits, including paid time for vacation, holidays, personal days, increments in cost of living, regular pay and overtime pay, profit sharing, non-contributory common stock options, retirements, annuity, pension, seniority, promised to accrue.

52. That as a direct and proximate result of the Defendants' breach of the Plaintiff's employment contract, your Plaintiff has suffered great injuries, which injuries have caused her pain, suffering, disability and mental anguish and which injuries will in the future cause her pain, suffering, disability and mental anguish, to-wit: permanently, including but not limited to:

> a) Loss of employment with Defendants;

> b) Loss of wages and earning potential, both in past and in the future;

9

      c) Loss of seniority with Defendants;

      d) Loss of pension rights and other employee benefits.

WHEREFORE, Plaintiff prays for judgment against the Defendant for whatever amount the Court or jury determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff, and prays that this Court will award Plaintiff her costs and attorney fees so wrongfully incurred.

## COUNT VI
### INTENTIONAL INFLICTION OF MENTAL DISTRESS

53. Plaintiff hereby incorporates by reference paragraphs 1 through 52 as if they were specifically repeated herein, paragraph by paragraph, and word for word.

54. That Defendant has engaged in tortuous conduct towards our Plaintiff, which includes the intentional infliction of emotional distress, interference with Plaintiff's contract of employment with Defendants, and interference with advantageous business relationships of your Plaintiff herein, indignity, mental anguish, mental concern and a loss of personal mental solicitude, and Plaintiff seeks damages for said injuries.

55. That Defendant has acted maliciously, wantonly, reprehensibly, in bad faith, and with ill will towards your Plaintiff, which has caused injury to your Plaintiff's mental solicitude and feelings, and for which your Plaintiff herein seeks exemplary damages.

56. That as a result of Defendant's tortuous conduct towards your Plaintiff, your Plaintiff has suffered great injuries which injuries have caused her pain, suffering, and mental anguish and which injuries will in the future cause him pain, suffering, disability and mental anguish, to-wit: permanently, including but not limited to:

      a) Loss of promotion and promotional opportunity with Defendants;

      b) Loss of employment with Defendants;

      c) Loss of seniority with Defendants;

      d) Loss of pension rights and other employee benefits;

      e) Loss of wages and earning potential, both in the past and in the future;

    f) Loss of professional esteem and consequent damages to Plaintiff's professional career

    g) Extreme embarrassment, humiliation, inconvenience, extreme mental anguish, mental concern and a loss of personal mental solicitude;

WHEREFORE, Plaintiff prays for judgment against the Defendant for whatever amount the Court or jury determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff, and prays that this Court will award Plaintiff her costs and attorney fees so wrongfully incurred.

  Trial by jury is hereby demanded.

              Respectfully submitted,

            By: _Nancy Dillard_
              Nancy Dillard
              14655 Whitcomb
              Detroit, Michigan 48227
              (313) 272-7273

**OCT 22 2010**





CT Corporation - Resident Agent for
Ford Motor Company
30600 Telegraph Road, #2345
Bingham Farms, MI 48025-5720

NANCY DILLARD
14655 WHITCOMB
DETROIT, MI 48227