**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NANCY DILLARD,

    Plaintiff,

Case No. 10-CV-14575-DT

HONORABLE DENISE PAGE HOOD

v.

FORD MOTOR COMPANY,

    Defendant.

_____/

**ORDER GRANTING MOTIONS TO REMAND AND CLOSING CASE
and
ORDER DENYING WITHOUT PREJUDICE REMAINING MOTIONS**

**I.    BACKGROUND/FACTS**

On November 17, 2010, Defendant Ford Motor Company filed a Notice of Removal regarding Plaintiff Nancy Dillard's Complaint which was filed before the Wayne County Circuit Court, State of Michigan. The Complaint alleges: Violation of the Bullard-Plawecki Employee Right-to-Know Act, M.C.L.A. 423.501 *et seq.* (Count I); Violation of Michigan Handicapper's Civil Rights Act, M.C.L.A. 37.1101 *et seq.* (Count II); Violation of Elliott-Larsen Civil Rights Act, M.C.L.A. 37.2101 *et seq.* (Sex Discrimination) (Count III); Violation of Elliott-Larsen Civil Rights Act, M.C.L.A. 37.2101 *et seq.* (Age Discrimination) (Count IV); Termination Without Just Cause in violation of Invalid Contract, *Toussaint v. Blue Cross,* 404 Mich. 579 (1980) (Count V); and Intentional Infliction of Mental Distress (Count VI). The Notice of Removal stated that the grounds for removal are based on complete preemption under Section 301 of the Labor Management Relations' Act ("LMRA"), 29 U.S.C. § 185, and under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Dillard was employed by Ford on March 4, 1977 and her last day of work was November 12, 1981. Dillard claims that Ford's records indicate she was terminated on October 22, 1990. Dillard asserts she was terminated without notice and while she was receiving benefits under the Michigan Workmen's Disability Compensation Act for injuries she sustained out of and during the course of employment. (Complaint, ¶ 3) Dillard is an African-American female, age 61 years old at the time the Complaint was filed. (Complaint, ¶ 6)

Dillard sent a letter to Ford on September 9, 2009 requesting information about her compensation and benefits and copies of her official and unofficial employment records. (Complaint, ¶¶ 7-8) Ford sent a letter in November 11, 2009 to Dillard indicating she was terminated/laid off due to being continuously unemployed in excess of the applicable Collective Bargaining Agreement, Article VII, Section 5[7] and that she was not eligible for benefits except for Worker's Compensation. (Complaint, ¶ 9) Ford indicated that it was unable to locate Dillard's personnel file and medical jacket. (Complaint, ¶ 10) Dillard filed a Complaint of Discrimination with the Michigan Department of Civil Rights on February 17, 2010 which was dismissed because the claim was time-barred. (Complaint, ¶ 11). Dillard filed the instant lawsuit before the Wayne County Circuit Court on October 22, 2010, which was removed to this Court by Ford on November 17, 2010.

On November 24, 2010, Ford filed a Motion to Dismiss the discrimination claims set forth in Counts II, III and IV. Dillard has not filed a response to the motion. However, almost four months after the motion was filed, on March 17, 2011, Dillard filed a Motion to File out of time responses to Ford's various motions. Ford filed a Motion for Judgment on Defendant's Unopposed Motion to Dismiss on January 4, 2011. Dillard also filed various motions, including a Motion to

2

Appoint Counsel on December 6, 2010, two Motions to Remand on December 20, 2010 and January 10, 2011 and a Motion to Amend/Correct Notice of Removal on January 28, 2011.

## II. ANALYSIS

The Motions to Remand will be addressed at the onset since the motions implicate this Court's subject matter jurisdiction. In both of her Motions to Remand, Dillard argues that the Complaint was improperly removed since federal law is not implicated in her state-law claims. Ford responds that the LMRA and ERISA completely preempt Dillard's state law claims.

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1). "As a general rule, removability is determined by the pleadings <u>filed by the plaintiff</u>," and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added). If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Thomson v. Gaskill,* 315 U.S. 442 (1942). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss or remand the action, either by a party's motion or the court's own motion. Fed. R. Civ. P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the

3

federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

Liberally construing Dillard's Complaint, the Court finds that she only alleges state law claims as noted above: Violation of the Bullard-Plawecki Employee Right-to-Know Act, M.C.L.A. 423.501 *et seq.* (Count I); Violation of Michigan Handicapper's Civil Rights Act, M.C.L.A. 37.1101 *et seq.* (Count II); Violation of Elliott-Larsen Civil Rights Act, M.C.L.A. 37.2101 *et seq.* (Sex Discrimination) (Count III); Violation of Elliott-Larsen Civil Rights Act, M.C.L.A. 37.2101 *et seq.* (Age Discrimination) (Count IV); Termination Without Just Cause in violation of Invalid Contract, *Toussaint v. Blue Cross,* 404 Mich. 579 (1980) (Count V); and Intentional Infliction of Mental Distress (Count VI). It is Ford's position that the LMRA and ERISA completely preempt these claims.

Based on Supreme Court and Sixth Circuit precedents, Ford's position is incorrect. Dillard's Complaint was improperly removed and this Court lacks subject matter jurisdiction. "The Supreme Court has held many times that § 301 of the LMRA requires that all claims, state or federal, whose resolution depends on the interpretation of a collective bargaining agreement be preempted by federal law." *O'Shea v. Detroit News,* 887 F.2d 683, 686 (6th Cir. 1989) (citing *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 209 (1985)); *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988). However, not "every state-law suit asserting a right that relates in some way to a provision in a collective bargaining agreement ... necessarily is preempted by § 301." *Smolarek v. Chrysler Corp.,* 879 F.2d 1326, 1330 (6th Cir. 1989) (quoting *Allis-Chalmers Corp.,* 471 U.S. at 220). When the claim is an independent state law claim not requiring interpretation of the CBA, there is no federal preemption. *See DeCoe v. GMC,* 32 F.3d 212, 216 (6th Cir. 1994). If the right claimed by a plaintiff is borne of state law and does not invoke contract interpretation, then there

4

is no preemption. *Id.* The Sixth Circuit has held that a complaint specifically invoking Michigan's Elliott-Larsen Civil Rights Act based on age or race and Michigan's Handicapper's Civil Rights Act, arises from an independent body of state substantive rights and does not invoke any legal ground that has been preempted by federal law. *See, Mink v. GMC,* 72 F.3d 130, 1995 WL 723180 *2 (6th Cir. Dec. 6, 1995). These claims are not "inextricably intertwined with consideration of the terms of the labor contract." *Id.* A citation to federal law in a general sense is insufficient to raise a federal question for purposes of federal subject matter jurisdiction. *Id.* It is insufficient that a defendant inject a matter of interpretation under a collective bargaining agreement because under the well-pleaded complaint rule, the power vests in the plaintiff to elect whether to proceed under a state or federal theory of recovery. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 397 (1987).

In this case, Dillard's claims alleging discrimination in Counts II, III and IV are devoid of any citation to federal law. Dillard alleges discrimination based on her gender, race and disability status only under Michigan law. Counts II, III and IV are not preempted by the LMRA.

As to Dillard's *Toussaint*-based breach of contract claim in Count V, it is not enough that the claim implicates a collective bargaining agreement where the resolution of the state-law claim does not require an interpretation of the agreement, especially if the complaint does not allude or make reference to such an agreement. *McDaniel v. GMC,* 765 F.Supp. 407, 411 (W.D. Mich. 1991); *Haber v. Chrysler Corp.,* 958 F.Supp. 321, 327-29 (1997); *Alexander v. UDV North America, Inc.,* 78 F.Supp.2d 614, 622-23 (E.D. Mich. 1999). Dillard's Complaint alleges breach of contract under *Toussaint* and does not allude to any agreement collective agreement. Count V is not preempted by the LMRA.

Regarding Ford's argument that Dillard's remedies include restoration of employee benefits

5

which are governed by ERISA, the Sixth Circuit has ruled otherwise. If the claims involve an action to recover or "enforce" a right under an employee benefit plan, then ERISA preempts such a claim. *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir. 1995). ERISA only preempts state laws when they "relate to" matters governed by ERISA, but does not create a federal cause of action for matters which only "relate to" ERISA's "field of concern." *Id.* ERISA cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. *Id.* A "straight state age discrimination case has no counterpart or superseding cause of action in ERISA." *Id.*

A review of Dillard's Complaint shows that she is alleging state law discrimination claims based on age, race and disability and a breach of contract claim. There are no comparable ERISA-related claims for these actions. Dillard's remedies are lost wages and benefits which "relate to" ERISA's "field of concern" but Dillard is not seeking to enforce her rights under ERISA in the Complaint. Dillard is not asserting in the Complaint that Ford failed to award her benefits after filing a claim under those benefits. Because the remedies only "relate to" ERISA's "field of concern" and Dillard's cause of actions do not relate to matters "governed" by ERISA, these claims are not preempted by ERISA.

The remaining claims-- Violation of the Bullard-Plawecki Employee Right-to-Know Act, M.C.L.A. 423.501 *et seq.* (Count I) and Intentional Infliction of Mental Distress (Count VI)–are state law claims. The LMRA and ERISA are not implicated in these counts.

Based on the above analysis, Ford improperly removed Dillard's state law related Complaint. Dillard's Motions to Remand are granted. It is noted that Dillard filed a Motion for Leave to Amend Complaint on January 28, 2011. However, the analysis as to whether removal was proper is based on the Complaint as drafted at the time of the removal. Given the Court's ruling, the remaining

motions filed by the parties are denied without prejudice.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motions to Remand **(No. 13, 12/20/10 and No. 17, 1/10/11)** are GRANTED.

IT IS FURTHER ORDERED Defendant's Motion to Dismiss **(No. 7, 11/24/10)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel **(No. 12, 12/6/10)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion for Judgment on Defendant's Unopposed Motion to Dismiss **(No. 15, 1/4/11)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend/Correct **(No. 20, 1/28/11)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to File Responses Out of Time to Defendant's Motions **(No. 24, filed 3/17/11)** is DENIED without prejudice.

IT IS FURTHER ORDERED that this matter is **REMANDED** back to the Wayne County Circuit Court, State of Michigan and this case is designated as **CLOSED**.

IT IS FURTHER ORDERED that the Clerk file the necessary documents in order to effectuate the remand forthwith.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: July 29, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2011 by electronic and/or ordinary mail.

Nancy Dillard
14655 Whitcomb
Detroit, MI 48227

                                s/Johnetta M. Curry for LaShawn R. Saulsberry
                                Case Manager